Randolph L. Brown, Suing in His Own Behalf and in Behalf of All Other Taxpayers of the Town of Taylor, Excepting Morel Calkins, Respondent, *v.* Frederick A. Ward and Others, Constituting the Board of Supervisors of the County of Cortland, and Others, Appellants.

Third Department, December 30, 1926.

Counties — bridges — taxpayer's action under General Municipal Law, § 51, to restrain collection of taxes — warrant was legal on its face — tax is being raised for purpose of paying for two bridges erected on highway in town under authority of board of supervisors — taxpayer contends that board of supervisors acted illegally in delegating power to committee of board to advertise for bids and let contracts after approval of plans by board — board ratified acts of committee — no fraud or collusion shown — bridges have been built and paid for — act of board in apportioning cost to town and county was legislative — Highway Law, §§ 130 and 262-a, applied — injunction was improperly granted.

The plaintiff, a taxpayer in the town of Taylor, county of Cortland, brought this action under section 51 of the General Municipal Law, to restrain the collection of a town tax by the tax collector of that town under a warrant which is legal on its face but which it is claimed is fundamentally illegal because of illegal acts of the board of supervisors in creating the obligation against the town. The tax imposed is for the purpose of paying the cost of the erection of two bridges within the town, which have been erected and paid for by the county. The board of supervisors of the county of Cortland acted within its authority, under section 262-a of the Highway Law, when it took charge of the construction of the two bridges which the town could not construct because of the cost thereof, and there was no illegality in the action of the board in delegating to a committee thereof authority to advertise for bids and let contracts, for the board itself had approved the plans, specifications and estimated cost presented by the county superintendent of highways. The board had the power after the work was completed to ratify the acts of its committee. And, therefore, since the board acted within its power and there is no proof of any fraud, collusion or corruption, this action cannot be maintained on any of the grounds mentioned in section 51 of the General Municipal Law.

The claim of illegality on the part of the board is technical, for there was a practical and substantial compliance with the provisions of sections 130 and 262-a of the Highway Law.

The act of the board of supervisors in apportioning the cost of the improvement between the town and county was a legislative act unattended by fraud, collusion or bad faith, with which the courts will not interfere. The board was not required to apportion the expense equally between the county and the town of Taylor or according to the benefits respectively derived, nor was it required to apportion some of the expense upon other towns.

Appeal by the defendants, Frederick A. Ward and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 30th day

of April, 1926, upon the decision of the court rendered after a trial at the Cortland Special Term.

Reported below, 127 Misc. 89.

*Charles H. Gardner*, County Attorney [*Clayton R. Lusk* of counsel], for the appellants.

*O. U. Kellogg*, for the respondent.

HINMAN, J. The plaintiff has brought a taxpayer's action under section 51 of the General Municipal Law. Under that provision of our statutes, which is in derogation of the common law, a taxpayer may maintain any action for the following limited purposes: "1. To prevent any illegal official act. 2. To prevent waste or injury to any property, funds or estate of such public corporation, and 3. To compel restitution of such property." (*Altschul* v. *Ludwig*, 216 N. Y. 459, 463.) It is to be doubted if that statute is applicable here as an action to prevent waste or injury to any property, funds or estate of the town in question here. The action is to enjoin the collection of a town tax by the tax collector of that town under a warrant which is legal on its face, but which, it is claimed, is fundamentally illegal because of illegal acts of the board of supervisors in creating the obligations against the town which have ripened into a tax included in the warrant. The act of the collector in obeying the warrant is not directly connected with waste or injury to any property of the town. The damage, if any, directly produced by an usurpation of power by the board of supervisors, if any, has been done without any interference by the town or a taxpayer thereof until now. The board of supervisors of the county of Cortland, as it had authority to do (Highway Law, § 262-a), ordered and took charge of the construction of two bridges in the town of Taylor in that county. These bridge improvements were necessary in connection with the improvement of a highway then being constructed in that county by the State officials. The town board had previously attempted to authorize such bridge construction in connection with such highway improvement, and to appropriate substantially the same amount of money which it is now proposed to tax against the town. It was only because the town board lacked authority to authorize so large an appropriation that the supervisor of that town offered a resolution at a meeting of the board of supervisors to have the latter board undertake the work under section 262-a of the Highway Law. The bridges have been built and paid for by the county and at no time during the period when the construction thereof by the county was contemplated or carried out was the legality of the board's acts challenged. It

was not until the town had obtained the benefit of the erection of these bridges that this action was brought and the effect of the judgment below is to permit that town to enjoy that benefit at the expense of the county although every other town in the county has, under similar circumstances, been required to pay for its own bridges or at least ninety-nine per cent of the cost. The authority of the board of supervisors to act is undoubted. The bridges had to be built and by this board's authority. The sole claim is that it did not act strictly in the manner required by the statute, in no sense involving fraud, collusion, corruption or even bad faith or extravagance. In general, the claim is that the board of supervisors had no right to delegate to its own highway committee the authority to advertise for bids and to let a contract even after the board itself had approved the plans, specifications and estimate of cost presented to it by the county superintendent of highways; and had no authority, after the completion of the work, to ratify the acts of its own committee in so doing and in letting certain supplemental contracts incidental to the work which were necessitated as the work progressed; and even where the character of the thing authorized by the board with full knowledge of the facts was in all substantial particulars unchanged and the cost was kept within the estimate presented to the board. It is not indicated that a single thing was done by the highway committee of the board which produced in fact any waste or injury to the town or which would not have been directly authorized by the board itself in the prudent and economical and honest management of the work, had the whole board not delegated any act to its committee. The waste or injury is too fictitious. It lacks the ring of real waste and injury, which alone ought to actuate a court of equity to interpose its discretionary and equitable powers of injunction. " The mere illegality of the official act in and of itself does not justify injunctive relief at the request of the taxpayer. To be entitled to this relief, when waste or injury is not involved, it must appear that in addition to being an illegal official act the threatened act is such as to imperil the public interests or calculated to work public injury or produce some public mischief." (*Altschul* v. *Ludwig,* 216 N. Y. 459, 467.) No such result obtains in this case. The work was necessary to be done and the board of supervisors has done what the town board itself tried to do and at the same cost. Even the claim of illegality is more technical than real. There was a practical and substantial compliance with the provisions of sections 262-a (as added by Laws of 1918, chap. 327) and 130 (as amd.) of the Highway Law and the acts of its highway committee were later ratified by the board  The acts so ratified were such acts as could have

been lawfully done by the board in the first instance and as such were subject to subsequent ratification by the board. Moreover, the act of the board in apportioning the cost of the improvement between the county and the town was a legislative act unattended by bad faith, fraud or collusion. The board was not required by the statute to apportion the expense equally between the county and the town or according to benefits respectively derived, nor was it required by the statute to charge some of the expense upon any other town on account of benefit derived. It acted as a legislative body exercising a discretion with which the courts will not interfere. Without unduly lengthening this opinion by reciting them here, we find in accordance with the defendants' requests to find, both of fact and law and we disapprove of the findings of fact in the decision below numbered 5, 6, 7, 8, 10, 11, $11\frac{1}{2}$, 12, 13, 15, 16, 17, 18, 19 and 22.

The judgment should be reversed and judgment for the defendants dismissing the complaint, with costs, should be directed.

Cochrane, P. J., Van Kirk and McCann, JJ., concur; H. T. Kellogg, J., not voting.

Judgment reversed on the law and facts and judgment directed for the defendants dismissing the complaint, with costs.

The court disapproves of findings of fact numbered 5, 6, 7, 8, 10, 11, $11\frac{1}{2}$, 12, 13, 15, 16, 17, 18, 19 and 22, and finds in accordance with the defendants' requests to find both of fact and law.